IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CASE NO. CV413-043 |
| ONE SMITH & WESSON 66 REVOLVER; ONE AMT-CALIFORNIA BACK-UP PISTOL; ONE BRNO ZBROJOVKA 581 RIFLE; and ONE MOSSBERG 600AT SHOTGUN, | ) |
| Defendants, | ) |
| JOSEPH ALEXANDER KOVACS, | ) |
| Claimant. | ) |

## ORDER

Before the Court is the Government's Motion for Summary Judgment. (Doc. 22.) Joseph Alexander Kovacs has filed a claim to the property (Doc. 5) and a response in opposition to the Government's motion (Doc. 26; Doc. 28). For the following reasons, the Government's motion is **DENIED**.

According to the Government's verified complaint, Customs and Border Protection ("CPB") agents determined that Claimant Joseph Alexander Kovacs[1] overstayed his six-month visitor's visa. (Doc. 1 ¶ 7.) At the time, Claimant was living aboard his vessel, the Sea Breeze, at Lee Shore Marina in Savannah,

---

[1] It appears that Claimant is a natural-born Canadian citizen. (Doc. 22 at 2.)

Georgia. (Id. ¶¶ 4, 7.) Upon determining Claimant's illegal status, CBP agents searched his vessel, recovering and seizing the four firearms ("Defendant Property") at issue in this case. (Id. ¶ 9.) According to Claimant, he was never prosecuted, much less adjudicated, of being in the United States illegally. (Doc. 26.)

Following a joint investigation, the Bureau of Alcohol, Tobacco, Firearms and Explosives administratively seized Defendant Property. (Doc. 1 ¶ 13.) After the Government electronically published notice of the seizure, Claimant filed a claim for Defendant Property. (Id. ¶¶ 13-14.) As a result, the Government filed a Verified Complaint for Forfeiture in Rem against Defendant Property. (Doc. 1.) Claimant once again filed notice of his claim (Doc. 5) and answered the Government's verified complaint (Doc. 9; Doc. 10). The Government has now moved for summary judgment (Doc. 22), which is opposed by Claimant (Doc. 26; Doc. 28).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). All reasonable inferences must be drawn in favor of the non-moving

party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, (1986). In a civil forfeiture action, the Government bears the burden of establishing that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1); United States v. $688,670.42 Seized from Regions Bank Account No. XXXXXX5028, 449 F. App'x 871, 874 (11th Cir. 2011). The Government contends that Defendant Property is subject to forfeiture under 18 U.S.C. § 924(d)(1) because, at the time it was seized by the CBP, Defendant Property was unlawfully possessed by an individual unauthorized to be in the United States, a violation of 18 U.S.C. § 922(g)(5).

Section 922(g) makes it unlawful for any person, who being an alien is illegally or unlawfully in the United States, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition. 18 U.S.C. § 922(g)(5)(A). Section 924(d)(1) allows for the seizure and forfeiture of "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922." 18 U.S.C. § 924(d)(1). However, the same section provides that

> upon acquittal of the owner or possessor, or dismissal of the charges against him other than upon motion of the Government prior to trial . . . , the seized or relinquished firearms or ammunition shall be returned forthwith to the owner or possessor or to a person delegated by the owner or possessor unless the return

of the firearms or ammunition would place the owner or possessor or his delegate in violation of law.

Id.

Given the language of § 924(d)(1), the Court is unable to grant the Government's Motion for Summary Judgment. First, the record is silent as to any prosecution or conviction of Claimant under § 922(g). For his part, Claimant suggests that the Government declined to prosecute him for allegedly overstaying his six-month visa. (Doc. 26 at 3.) The Government's verified complaint and motion are silent as to the disposition of any charges brought against Claimant in relation to his immigration status at the time CBP agents seized Defendant Property. Therefore, it is entirely possible that § 924(d)(1) requires the Government to relinquish Defendant Property to Claimant. Given this lack of information, the Court is unable to determine, as a matter of law, that Defendant Property is subject to forfeiture under § 924(d)(1).

Second, the Government's verified complaint and Motion for Summary Judgment are similarly silent as to whether returning Defendant Property to Claimant would place him in violation of law. See 18 U.S.C. § 924(d)(1). Once again, the record contains no evidence concerning Claimant's current immigration status. Based on Claimant's response, it appears that he still resides aboard his vessel, which remains docked at the Lee Shore Marina.

(See Doc. 26 at 8 (listing address as SV Sea Breeze and Lee Shore Marina).) Based on this absence, the Court is unable to determine from the record before it whether returning Defendant Property to Claimant would place him in violation of law. Due to the presence of these material issues of fact regarding whether Defendant Property is subject to forfeiture, the Government's Motion for Summary Judgment must be **DENIED**.

SO ORDERED this 31ST day of March 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA