FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2016 MAR 30 PM 3:25
CLERK B. West
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br>v.<br><br>ONE SMITH & WESSON 66 REVOLVER; ONE AMT-CALIFORNIA BACK-UP PISTOL; ONE BRNO ZBROJOVKA 581 RIFLE; and ONE MOSSBERG 600AT SHOTGUN,<br><br>　　Defendants,<br><br>JOSEPH ALEXANDER KOVACS,<br><br>　　Claimant. | CASE NO. CV413-043 |

## O R D E R

Before the Court is the Government's Motion for Reconsideration. (Doc. 32.) In that motion, the Government requests that the Court reconsider its March 31, 2015 order (Doc. 29) denying the Government's Motion for Summary Judgment (Doc. 22). Claimant Joseph Alexander Kovacs has filed a response opposing reconsideration. (Doc. 36.) For the following reasons, the Government's motion is **GRANTED**. As a result, the Government shall have sixty days from the date of this order to determine whether Claimant's presence in this country is lawful such that the return of Defendant Firearms would cause him to be in violation of federal law. This sixty-day period will not be extended. If Claimant can

legally possess Defendant Firearms, the Government is **DIRECTED** to return them. If Defendant is legally prohibited from possessing Defendant Firearms, the Government is **DIRECTED** to retain, not destroy, Defendant Firearms pending final resolution of this case. In the meantime, the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** this case pending further order of this Court.

**BACKGROUND**

On September 2012, Customs and Border Protection ("CPB") agents determined that Claimant Joseph Alexander Kovacs allegedly overstayed his six-month visitor's visa.[1] (Doc. 1 ¶ 7.) At the time, Claimant was living aboard his vessel, the Sea Breeze, at Lee Shore Marina in Savannah, Georgia. (Id. ¶¶ 4, 7.) Upon determining Claimant's illegal status, CBP agents searched his vessel, recovering and seizing the four firearms ("Defendant Firearms") at issue in this case. (Id. ¶ 9.) According to Claimant, he was never prosecuted, much less adjudicated, of being in the United States illegally. (Doc. 26.)

Following a joint investigation, the Bureau of Alcohol, Tobacco, Firearms and Explosives administratively seized Defendant Firearms. (Doc. 1 ¶ 13.) After the

---

[1] It appears that Claimant is a natural-born Canadian citizen. (Doc. 22 at 2.)

Government electronically published notice of the seizure, Claimant filed a claim for Defendant Property. (Id. ¶¶ 13-14.) As a result, the Government filed a Verified Complaint for Forfeiture in Rem against Defendant Firearms. (Doc. 1.) Claimant once again filed notice of his claim (Doc. 5) and answered (Doc. 9; Doc. 10) the Government's verified complaint.

In July 2014, the Government moved for summary judgment, arguing that Defendant Firearms are subject to forfeiture under 18 U.S.C. § 924(d)(1) because at the time they were seized by the CBP Defendant Firearms were unlawfully possessed by an individual unauthorized to be in the United States, a violation of 18 U.S.C. § 922(g)(5). The Court denied the Government's motion, concluding that questions of fact remained regarding whether the Government was required, pursuant to § 924(d)(1), to return Defendant Firearms to Claimant. (Doc. 29 at 4-5.) The Government now seeks reconsideration of that order.

In its Motion for Reconsideration, the Government advances two main arguments. First, the Government contends that "the Government need not commence—let alone prevail in—a criminal prosecution" for Defendant Firearms to be subject to civil forfeiture. (Doc. 32 at 4.) Second, the

Government maintains that it is undisputed Claimant was and remains unlawfully in the United States. (Id. at 5-9.)

**ANALYSIS**

As an initial matter, the Court is not convinced that the Government's motion should be considered timely. Federal Rule of Civil Procedure 60(c)(1) requires that parties move for relief from an order based on mistake "within a reasonable time," but no more than 1 year after the entry of the order. While falling within the 1-year limitation, the Government waited 323 days to seek reconsideration. The Court hardly considers that delay reasonable, particularly where absolutely nothing happened in this case during the interim.[2] In any event, the Court will consider the merits of the Government's motion despite the lengthy delay. In the future, however, the Government would be wise to move with a slightly greater sense of urgency when seeking reconsideration.

Despite the Government's protestations to the contrary, the Court remains unconvinced that the Government is not required to commence or prevail in a criminal

---

[2] Inactivity on behalf of the Government was very common in this case. It does not appear from the record that the Government conducted any meaningful discovery. Moreover, the Court had to prod the Government into filing its motion for summary judgment approximately five months after the deadline for filing dispositive motions. (Doc. 21.)

4

prosecution for Defendant Firearms to be subject to forfeiture. The Government's Verified Complaint seeks forfeiture under 18 U.S.C. § 924(d)(1). That provision expressly carves out additional protections for owners of firearms, expressly stating that

> upon acquittal of the owner or possessor, or dismissal of the charges against him other than upon motion of the Government prior to trial . . . , the seized or relinquished firearms or ammunition shall be returned forthwith to the owner or possessor or to a person delegated by the owner or possessor unless the return of the firearms or ammunition would place the owner or possessor or his delegate in violation of law.

Id.[3] The plain language of this statute appears to require some sort of conviction under § 922 before Defendant Firearms are subject to forfeiture. To conclude otherwise would render that portion of § 924 an absolute nullity.

To be fair, it is an awkwardly drafted provision. Moreover, its interpretation is made even more difficult by the dearth of federal courts that have attempted to address its meaning. However, the Court arrives at its conclusion

---

[3] This provision was added by the Firearms Owners' Protection Act, Pub. L. No. 99-308, 100 Stat. 456 (1986). As can be easily inferred from its name, Congress thought the legislation necessary to protect a citizen's right to bear arms, 132 Cong. Rec. H1649-03, at 81 (1986), and curb perceived law enforcement agencies' abuses of gun owners' civil liberties, id. at 6-10. See generally United States v. Fifty-two Firearms, 362 F. Supp. 2d 1308, 1317-20 (M.D. Fla. 2005) (discussing legislative history of Firearms Owners' Protection Act).

by addressing the plain language of the statute and all reasonable inferences stemming from that interpretation: Defendant Firearms must be returned to Claimant absent an ongoing or successful prosecution for the unlawful conduct that formed the basis for the seizure.

In its motion, the Government cites no case to the contrary. Neither United States v. $6,190.00 in U.S. Currency, 581 F.3d 881 (9th Cir. 2009), nor von Hofe v. United States, 492 F.3d 175 (2d Cir. 2007), address civil forfeiture of firearms under § 924(d)(1). Rather, $6,190.00 in U.S. Currency involves the civil forfeiture of the cash proceeds of criminal activity, while von Hofe concerns the civil forfeiture of individuals' interests in real property used to grow marijuana. Moreover, the Supreme Court's decision in United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984), predates the enactment of § 924(d)(1). Absent these inapplicable cases, the Government has not provided any legal support for its argument that Defendant Firearms are subject to forfeiture based on only the Government's allegation of unlawful conduct.

Turning to the Government's second argument, the Court disagrees that Claimant's unlawful status is undisputed. The Government's entire argument appears to be predicated on its own conclusion, based on its own view of the facts,

that Claimant unlawfully overstayed his visa. This might very well be true, but the Court is not going to simply take the Government's word for it. For his part, Claimant clearly quarrels with the Government's allegation, forcefully stating that "**United States immigration has given Claimant Joseph Kovacs permission to, as he is, be a 'visitor for pleasure' here. This makes Claimant's presence here in the United States legal**." (Doc. 36 at 2.) Moreover, the record in this case contains absolutely no documentation concerning whether Claimant's presence in this country was or remains unlawful.

Claimant is not entitled to Defendant Firearms if he was unlawfully in this country at the time of their seizure. 18 U.S.C. § 922(g)(5). Additionally, Claimant is not entitled to Defendant Firearms if he is currently in this country unlawfully. 18 U.S.C. § 924(d)(1). It seems to this Court, then, those are the issues to be resolved. Therefore, the Government shall have sixty days from the date of this order to determine whether Claimant's presence in this country is lawful such that the return of Defendant Firearms would cause him to be in violation of federal law. If Claimant can legally possess Defendant Firearms, the Government is **DIRECTED** to return them. If Defendant is legally prohibited from possessing Defendant Firearms, the

Government is **DIRECTED** to retain, not destroy, Defendant Firearms pending final resolution of this case. In the meantime, the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** this case pending further order of this Court.

## CONCLUSION

For the foregoing reasons, the Government's Motion for Reconsideration (Doc. 32.) is **GRANTED**. As a result, the Government shall have sixty days from the date of this order to determine whether Claimant's presence in this country is lawful such that returning to him Defendant Firearms would cause him to be in violation of federal law. This sixty-day period will not be extended. If Claimant can legally possess Defendant Firearms, the Government is **DIRECTED** to return them. If Defendant is legally prohibited from possessing Defendant Firearms, the Government is **DIRECTED** to retain, not destroy, Defendant Firearms pending final resolution of this case. In the meantime, the Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY TERMINATE** this case pending further order of this Court.

SO ORDERED this 30th day of March 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA